**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

---

| | |
|---|---|
| **JEFFREY MARC UNGER** <br> 2123 Beach Village Court #102 <br> Annapolis, MD 21403 <br><br> Plaintiff, <br><br> v. <br><br><br> **INOVA HEALTH CARE SERVICES, dba** <br>  **INOVA GENERAL INTERNAL MEDICINE** <br>     **CLINIC**, <br>  3022 Williams Dr. <br> Fairfax, VA  22031     and <br><br> **ANH-PHOUNG T LE, PA**, <br>  3022 William Dr. <br> Fairfax, VA  22031     and <br><br> **JOHN DOES 1-5**, <br>  Citizens of Virginia <br>         Defendants. | <br><br><br><br><br><br> Civil Action No. _____ <br> JURY TRIAL DEMANDED |

---

## COMPLAINT
(Medical Malpractice)

Plaintiff, JEFFREY MARC UNGER, by and through counsel Stephanie S. Ryan of

Ryan Law PLLC, sues and moves this Court for judgment, jointly and severally, against

the Defendants, INOVA HEALTH CARE SERVICES, dba INOVA GENERAL

INTERNAL MEDICINE CLINIC (hereinafter "INOVA"), ANH-PHONG T LE, PA

(hereinafter "Defendant Le") and JOHN DOES 1-5 , and in support states as follows:

1.      The Plaintiff, Jeffrey Marc Unger (hereinafter "Plaintiff Unger")  is a resident of

Annapolis, Maryland and was so at all material times herein.

2.      Upon information and belief, Defendant INOVA is a health care provider offering services to the public, including medical care and dermatology care. Its principal place of business is in Virginia.

3.      Defendant INOVA is a corporation doing business in the Commonwealth of Virginia, with its principal place of business in Fairfax County, Virginia.

4.      Defendant Le is a licensed Physician's Assistant, employed by and/or an agent of Defendant  INOVA, and was acting within the scope of her employment and/or agency with Defendant INOVA and was practicing her health care practice at the INOVA General Internal Medicine Clinic located at 3022 Williams Drive, Fairfax, Virginia, 22031.  Defendant Le is a resident of the Commonwealth of Virginia.

5.      At all material times herein, John Does 1-5 were unidentified persons, corporations, professional corporations, general or limited partnerships, limited liability companies, associations and/or any other legal entities engaged in the provision of medical care and services to plaintiff Unger and are entities licensed, domiciled, and with their principal place(s) of business in the Commonwealth of Virginia.

6.      A patient-health-care-provider relationship existed between Plaintiff Unger and Defendant INOVA and its agents and/or employees.

7.      As such, Defendant INOVA owed a duty to plaintiff to conform its conduct and the conduct of its employees, agents, and servant, to the applicable standard of care.

8.      At all relevant times, Defendant INOVA by and through its employees and agent provided medical care and treatment to patients in the Commonwealth of Virginia, including Plaintiff Unger.

9.      At all times of which Plaintiff complains, Defendant INOVA held itself out to the public as hiring and offering physicians and other health care providers who possessed the degree of knowledge, ability, and skill possessed by reasonably competent healthcare providers practicing under the same or similar circumstances as those involving Plaintiff Unger.

10.      Jurisdiction of this Court is proper under 28 U.S.C. §1332 because the dispute is between citizens of different states (complete diversity of citizenship) and the amount in controversy exceeds $75,000.

11.      Venue is proper under 28 U.S.C. §1391 because the Alexandria Division is where the Defendant INOVA provide care and where the acts and omissions giving rise to plaintiff Unger's claims occurred.

## FACTUAL BACKGROUND

12.      At the time of the medical malpractice alleged herein, Plaintiff Unger was a 63-year-old male, and a resident of Annapolis, Maryland.

13.      On January 11, 2023, Plaintiff Unger presented to INOVA for treatment of "warts" and keratosis on his left arm and left elbow. Keratosis is a benign, localized growth of keratin (protein) in the superficial layers of the epidermis.

14.      Plaintiff was seen by INOVA employee/agent Anh-Phuong T. Le, P.A., (hereinafter "Defendant Le") who evaluated Plaintiff Unger and diagnosed viral warts, unspecified and Keratosis.

15.      Defendant Le chose to treat these with "cryotherapy w/ liquid nitrogen applied 2x, each round for approximately 30 sec."  This medical notation translates to Defendant Le treated the lesions with cryotherapy with liquid nitrogen applied two times, each time for

30 seconds.

16. Immediately after the completion of the dual 30 second applications of liquid nitrogen, Mr. Unger felt a burning sensation and informed Defendant Le.

17. Despite Defendant Le immediately knowing that she had harmed Plaintiff Unger, she incorrectly noted in the medical records that "the patient tolerated the procedure fairly well."

18. As a direct result of these two applications of liquid nitrogen, each of 30 seconds in duration, and the spillage of the liquid nitrogen on Plaintiff Unger, Plaintiff Unger suffered a large mixed partial and full thickness burns on his left arm and elbow.

19. Prior to the commencement of the cryotherapy, Plaintiff Unger was not informed of the potential risks and complications of the cryotherapy procedure by Defendant Le or anyone, nor was he presented with, nor did he sign a consent for the cryotherapy treatment.

20. Plaintiff Unger's injuries could have been avoided had Ms. Le and INOVA complied with the applicable standards of care.

## COUNT I
(Negligence against Anh-Phuong T. Le, PA)

21. Plaintiff incorporates all allegations above as if fully set forth herein.

22. Defendant Le represented to Plaintiff Unger that she possessed the degree of knowledge, skill and ability possessed by reasonably competent health care providers practicing under the same or similar circumstances as described herein that Plaintiff Unger needed.

23. Defendant Le owed a duty to exercise that degree of skill, judgment, and care expected of reasonably competent practitioners practicing under the same or similar

4

circumstances as those involving Plaintiff Unger.

24.  Defendant Le breached the standard of care by acts and omissions, including:

a.  deviation from the standard of care by failing to obtain informed consent of Plaintiff Unger for the cryotherapy treatment;

b.  deviation from the standard of care by misapplying the liquid nitrogen for an excessive period of time and duration, and for a second application; given the length of time of the first application;

c.  deviation from the standard of care by failing to document the events correctly and accurately in the medical record(s).

d  deviation from the standard of care by failing to immediately notify a licensed physician in the practice of this misapplication and resulting burn and by failing to immediately treat said burn, instead of releasing her to home.

e.  failing to timely recognize and timely treat this burn.

25.  As a direct and proximate result of the above breach(es) of the standard of care, Plaintiff Unger suffered and continues to suffer serious physical injuries, physical pain and discomfort associated with the open wound, continued physical pain and discomfort (including extreme itching of the scarring site), emotional distress, permanent scarring, permanent injury,  past and future mental anguish, future medical bills from a necessary future surgery and recovery, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; past and future disfigurement and scarring, and associated humiliation, and loss of past and future lost wages.

## COUNT II
(Vicarious Liability/*Respondeat Superior*, INOVA)

5

26.    Plaintiff incorporates all allegations above as if fully set forth herein.

27.    Defendant INOVA, as employer and/or principal of Defendant Le is vicariously liable and/or liable under the doctrine of r*espondeat superior* for Defendant Le's negligence as detailed in this Complaint.

28.    Defendant INOVA as the employer and/or principal of Defendant Le, is vicariously liable and/or liable under the doctrine of r*espondeat superior* for all damages suffered by Plaintiff Unger, as set forth above in Count I.

## COUNT III
(Negligence against INOVA)

29.    Plaintiff incorporates all allegations above as if fully set forth herein.

30.    Defendant INOVA, by itself and through tis agents, servants, employees and/or representatives, represented to Plaintiff Unger, and to the general public, that they possessed the degree of knowledge, ability and skill possessed by reasonably competent health care providers practicing under the same or similar circumstances as described herein as needed by Plaintiff Unger.

31.    Defendant INOVA owed a duty to exercise that degree of skill, judgment, and care expected of reasonably competent practitioners practicing under the same or similar circumstances as those involving Plaintiff Unger.

32.    Defendant INOVA breached the standard of care by acts and omissions, including:

a.    deviation from the standard of care by failing to obtain informed consent of Plaintiff Unger for the cryotherapy treatment;

b.    deviation from the standard of care by having an employee/agent misapply the liquid nitrogen for an excessive period of time and duration, and for a second

6

application; given the length of time of the first application;

c.      deviation from the standard of care by failing to document the events correctly and accurately in the medical record(s).

d.      deviation from the standard of care by failing to immediately have a licensed physician, who is required to supervise a physician's assistant, such as Defendant Le, to review this  misapplication and resulting burn and by failing to immediately treat said burn, instead of releasing her to home.

e.      failing to timely recognize and timely treat this burn.

33.     As a direct and proximate result of the above breach(es) of the standard of care, Plaintiff Unger suffered and continues to suffer serious physical injuries, physical pain and discomfort associated with the open wound, continued physical pain and discomfort (including extreme itching of the scarring site), emotional distress, permanent scarring, permanent injury,  past and future mental anguish, future medical bills from a necessary future surgery and recovery, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; past and future disfigurement and scarring, and associated humiliation, and loss of past and future lost wages.

34.     As a direct result of the above, Plaintiff is entitled to recover all sums so recoverable in the Commonwealth of Virginia.

WHEREFORE, Plaintiff request judgement against Defendants, jointly and severally, in the amount of $2,000,000 (two million dollars) to be determined by the evidence and the applicable law, compensatory damages; and pre-judgement interest from January 11, 2023, post-judgement interest, costs, and such other relief as is

permissible in Virginia, and/or the Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff Demands A Trial By Jury.

<div style="margin-left: 50%;">

Respectfully submitted,

JEFFREY MARC UNGER
By Counsel

RYAN LAW, PLLC

</div>

Stephanie S. Ryan
(VSB 46059)
Ryan Law PLLC
104 Waterside Ln
Cross Junction, VA  22625
Tel 540 888 3510
Fax 540 888 3608
sryan@ryanlawpllc.com
Counsel for Plaintiff